UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ERIC L. NATHAN, | No. CV 16-145-SJO (PLA) |
| Petitioner, | **ORDER TO SHOW CAUSE RE: DISMISSAL OF ACTION** |
| v. | |
| DEBBIE ASUNCION, Warden, | |
| Respondent. | |

## A. BACKGROUND

Eric Nathan, a state prisoner proceeding pro se, initiated this action on January 7, 2016, by filing a document titled "Civil Rights Complaint" pursuant to 42 U.S.C. § 1983, naming the Warden of his current place of incarceration as the "defendant." (Dkt. No. 1). In that document, he alleges that the California Court of Appeal's use of California Penal Code section 459 to affirm his attempted burglary conviction deprived him of his liberty "and [due process] interest in utilizing state procedures to obtain a fair hearing of his direct appeal." (Dkt. No. 1 at 5). Specifically, he notes that he was charged on May 8, 1995, with a violation of California Penal Code section 664/459, attempted burglary, and was convicted on October 10, 1995, for that offense. He contends that on appeal the appellate court reached a "different verdict" and affirmed his attempted burglary conviction based on evidence showing that plaintiff committed a violation of

Penal Code section 459.  (Id., Ex. B).  He claims that "Penal Code § 459 statute violated his due process because it was a judgment that was made without the court's personal jurisdiction."  (Id. at 5).  Nathan requests that the judgment of conviction be vacated as void.  (Id. at 6).

### B. INVALID CIVIL RIGHTS ACTION

Preliminarily, a petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement."  Preiser v. Rodriguez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1990).  Here, Nathan is challenging the validity of the California Court of Appeal's affirmance of his conviction on appeal.  Nathan may not use a civil rights action to challenge the validity of his continued incarceration; such relief only is available in a habeas corpus action.  A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

### C. SECOND OR SUCCESSIVE PETITIONS

Even if the Court construes Nathan's filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Court notes that petitioner has filed numerous prior habeas actions in this Court also challenging his October 10, 1995, conviction for attempted burglary.  (See, e.g., Case Nos. CV 97-8012-RAP (BQR) (petition dismissed without prejudice on November 13, 1997, for failure to exhaust state remedies); CV 97-8934-RAP (BQR) (petition dismissed without prejudice on August 24, 1998, for failure to exhaust state remedies); CV 98-7431-DT (BQR) (petition dismissed on the merits with prejudice on October 26, 2000; certificate of appealability denied by the District Court and the Ninth Circuit); CV 03-1863-SJO (PLA) (petition dismissed without prejudice on October 22, 2003, as an unauthorized second or successive petition[1]); CV 11-5041-

---

[1] On August 16, 2004, and again on June 1, 2009, the Ninth Circuit denied petitioner's request for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition.  (Case No. CV 03-1863-SJO (PLA), Dkt. Nos. 15, 16).

SJO (PLA) (petition dismissed without prejudice on June 21, 2011, as an unauthorized second or successive habeas petition[2])).

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As mentioned above, Nathan's previous actions in this Court were dismissed without prejudice as unexhausted, with prejudice on the merits, and as successive petitions. In the instant filing, petitioner raises the claim that the California Court of Appeal violated his liberty and due process interests when it affirmed his attempted burglary conviction.[3] (Dkt. No. 1 at 5). Even if

---

[2]   The Ninth Circuit denied petitioner's request for a certificate of appealability on February 19, 2014. (CV 11-5041-SJO (PLA), Dkt. No. 25).

[3]   Petitioner appears to contend that his claim is exhausted. (Dkt. No. 1 at 2-3). Attached to the filing is an October 16, 2015, Order from the California Court of Appeal denying a petition for writ of habeas corpus filed by petitioner on September 8, 2015, as "procedurally defaulted from challenging the validity of [petitioner's] 1997 conviction and sentence for attempted burglary under Penal Code sections 459 and 664 due to his inadequately explained delay in seeking relief." (Dkt. No. 1 Ex. A). The court of appeal also found that the issue of whether there was sufficient evidence to support petitioner's conviction for attempted burglary was raised and rejected on
(continued...)

the instant claim satisfied 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), however (and it does not appear that petitioner has satisfied either of those provisions), petitioner nevertheless is required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). There is no indication in the instant filing, or in the overall record, that petitioner obtained such authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). As such, the Court is without jurisdiction to entertain the filing as a habeas petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

## C.  CONCLUSION

Based on the foregoing, petitioner is **ordered to show cause** (1) why the instant filing, deemed by Nathan to be a civil rights complaint, should not be dismissed without prejudice to bringing it as a petition for writ of habeas corpus; and (2) if construed or brought as a habeas petition, why the instant filing should not be dismissed as successive.

Specifically, **no later than February 4, 2016**, petitioner must submit to the Court the following: (1) a response making clear his arguments, if any, as to why the purported civil rights complaint should not be dismissed without prejudice to bringing it as a petition for writ of habeas corpus; and (2) documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive habeas petition, **and that the Ninth Circuit issued such an order**. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

---

[3](...continued)
appeal, and the court's opinion on appeal "establishes there was sufficient evidence to charge and convict petitioner of attempted burglary." (Id.). Also attached to the instant filing is the California Supreme Court's December 9, 2015, summary denial of petitioner's petition for writ of habeas corpus to that court. (Id.).

1    **Failure to respond by February 4, 2016, will result in the instant action being summarily dismissed without prejudice as improperly brought as a civil rights action and/or as successive.**[4]

DATED: January 14, 2016

                              PAUL L. ABRAMS
                       UNITED STATES MAGISTRATE JUDGE

---

[4] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does not provide documentation showing that he is not required to first receive Ninth Circuit authorization before filing a successive petition, he is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the Ninth Circuit**. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

5