UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ERIC L. NATHAN, | ) | No. CV 16-145-SJO (PLA) |
| Plaintiff, | ) ) | **ORDER DISMISSING ACTION** |
| v. | ) ) | |
| DEBBIE ASUNCION, Warden, | ) ) | |
| Defendant. | ) ) | |

Eric Nathan, a state prisoner proceeding pro se, initiated this action on January 7, 2016, by filing a document titled "Civil Rights Complaint" pursuant to 42 U.S.C. § 1983, naming the Warden of his current place of incarceration as the "defendant." (Dkt. No. 1). In that document, he alleges that the California Court of Appeal's use of California Penal Code section 459 to affirm his attempted burglary conviction deprived him of his liberty "and [due process] interest in utilizing state procedures to obtain a fair hearing of his direct appeal." (Dkt. No. 1 at 5). Specifically, he notes that he was charged on May 8, 1995, with a violation of California Penal Code section 664/459, attempted burglary, and was convicted on October 10, 1995, for that offense. He contends that on appeal the appellate court reached a "different verdict" and affirmed his attempted burglary conviction based on evidence showing that Nathan committed a violation of Penal Code section 459. (Id., Ex. B). He claims that "Penal Code § 459 statute violated his due

process because it was a judgment that was made without the court's personal jurisdiction." (Id. at 5). Nathan requests that the judgment of conviction be vacated as void. (Id. at 6).

On January 14, 2016, the Magistrate Judge issued an order to show cause, advising Nathan that he cannot challenge the validity of the California Court of Appeal's affirmance of his conviction on appeal in a civil rights action, and that such relief is only available in a habeas corpus action. Nathan was ordered to show cause, no later than February 4, 2016, why the "complaint" should not be dismissed without prejudice to him bringing his allegations in a petition for writ of habeas corpus. (Dkt. No. 4).

On January 28, 2016, Nathan submitted a "Confirmation & Request," in which he asserts that he is "not challenging the California Court of Appeal's 7/31/97 decision or its judgment" in this action, but rather is seeking "a new direct appeal conducted under constitutionally proper procedures." In particular, Nathan contends that the court of appeal's use of California Penal Code section 459 to affirm his direct appeal "deprived him of his liberty and due process in utilizing state procedures to have a fair hearing of his direct appeal," as that statute "was not charged against the plaintiff nor was [it] a part of the plaintiff's criminal trial." Neither, he adds, will relief in this action demonstrate the invalidity of his conviction or sentence. See Confirmation & Request. Nathan raised similar arguments in his "complaint." (See Dkt. No. 1 at 1, 5).

It is clear that a petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of … confinement." Preiser v. Rodriguez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Further, a plaintiff's claims are not cognizable under § 1983 unless and until the plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Nathan's efforts here to get around using a habeas action to try and render his

conviction void fail.[1]  In Skinner v. Switzer, 562 U.S. 521, 525, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011), relied on by Nathan, the Supreme Court held that a plaintiff may properly invoke Section 1983 instead of a habeas petition where success on his suit would not "necessarily imply" the invalidity of his conviction.  In that action, the plaintiff was seeking DNA testing that might be exculpatory or might further incriminate him; it was only *access to the DNA evidence* that success in the Section 1983 action would gain.  The Supreme Court stressed the importance of the term "necessarily" in finding that a civil rights claim was cognizable.

Here, in contrast, Nathan is expressly seeking to have this Court "vacate" the state court judgment because it is "void."  (Complaint at 6).  Further, this is not a case where Nathan is seeking to invalidate the relevant Penal Code section on federal constitutional grounds.  Rather, Nathan clearly and explicitly claims that the state court's application of the statute to the facts of his case resulted in a conviction that must be vacated.  Such a claim may only be raised in a habeas corpus petition.  Moreover, the fact that Nathan may no longer have any habeas remedy available does not change this fact.  Not only would any future habeas action most likely be successive (see fn.1), but Nathan's exhibits to his "complaint" indicate that his recent state court habeas petition was found in part to be procedurally defaulted because he could not explain his

---

[1]  Even if the Court were to construe Nathan's filing as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the petition would most likely be deemed successive, and he has not obtained authorization from the Ninth Circuit before filing a successive petition.  28 U.S.C. § 2244(b)(3)(A).  See Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 796, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition).  Indeed, Nathan herein has previously filed numerous prior habeas actions in this Court also challenging his October 10, 1995, conviction for attempted burglary.  (See, e.g., Case Nos. CV 97-8012-RAP (BQR) (petition dismissed without prejudice on November 13, 1997, for failure to exhaust state remedies); CV 97-8934-RAP (BQR) (petition dismissed without prejudice on August 24, 1998, for failure to exhaust state remedies); CV 98-7431-DT (BQR) (petition dismissed on the merits with prejudice on October 26, 2000; certificate of appealability denied by the District Court and the Ninth Circuit); CV 03-1863-SJO (PLA) (petition dismissed without prejudice on October 22, 2003, as an unauthorized second or successive petition)).  In addition, on August 16, 2004, and again on June 1, 2009, the Ninth Circuit denied petitioner's request for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition (see Case No. CV 03-1863-SJO (PLA), Dkt. Nos. 15, 16), and a subsequent petition was dismissed without prejudice on June 21, 2011, as an unauthorized second or successive habeas petition.  Case No. CV 11-5041-SJO (PLA).

delay in seeking relief. (Dkt. No. 1, Ex. A). The Ninth Circuit has held that, in rare cases where a plaintiff has no habeas remedy available through no fault of his own, he may not be barred by Heck from raising a claim attacking his conviction pursuant to § 1983. See Lyall v. City of Los Angeles, 807 F.3d 1178, 1191-92 & n.12 (9th Cir. 2015) (noting that "'timely pursuit of available habeas relief' is an important prerequisite for a § 1983 plaintiff seeking" to raise an otherwise barred claim and finding plaintiff's failure to seek to invalidate his conviction through state appeals barred his federal § 1983 suit); Nonnette v. Small, 316 F.3d 872, 876-77 (9th Cir. 2002) (finding plaintiff not barred from raising a civil rights claim challenging a disciplinary proceeding because he had been released from prison and a habeas petition would be moot). In this case, if no habeas relief is available to Nathan, it is because of his unexplained delay in seeking such relief.

Accordingly, this action is **dismissed without prejudice** to Nathan bringing his claims in a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

DATED: February 7, 2016

*S. James Otero*

HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

4